STATE, Plaintiff, vs. SODERBERG, Defendant.

*March 9—June 26, 1934.*

*Spencer Haven* of Hudson, attorney for plaintiff and counsel for State Board of Bar Commissioners.

*J. W. Soderberg* of Barron, for the defendant.

PER CURIAM. The complaint in this case contains ten counts, each charging gross neglect of defendant's duties as lawyer. It probably would unduly extend this opinion, without performing a corresponding service, to discuss the counts in detail. It is enough to say that, individually and collectively, they show, with respect to the matters involved, flagrant neglect of business on the part of defendant. In several cases defendant, after being intrusted with important business, literally did nothing about it, even failing to answer letters of inquiry. Complaints were made to the judicial committee of the Wisconsin Bar Association and the Board of State Bar Commissioners, and the chairman and president, respectively, of these groups wrote to defendant and requested an explanation. The defendant failed to offer any explanation or even to acknowledge the letters. Many of the letters of the judicial committee and of the bar commissioners, as well as other letters dealing with the several matters concerning which he was charged with neglect, were found unopened upon his desk. The conduct of defendant is unexplainable. He was an honor student in law school, had a good practice, is a man of fine capacity and good personal habits, and in spite of the delinquencies charged appears to be well regarded in his community. In none of the counts is he charged with embezzlement of clients' funds, or practices of similar character. The counts charge neglect of business solely. This was in part the result of an utter lack

of office system. It is conceded that a clean-up of defendant's desk disclosed unopened letters containing checks payable to him for personal services.

While it is to defendant's credit that he was not guilty of embezzlement, or any other practice usually labeled dishonest, it offers small comfort to the client whose business has been grossly neglected, that his losses have not been the result of dishonesty of the conventional type. The client is just as much entitled to protection against carelessness or incompetence as he is to protection against dishonesty. The lawyer who is habitually negligent in handling matters intrusted to him has as little place at the bar as the dishonest lawyer, unless he can offer convincing evidence that he can and will change his ways.

It is the opinion of the bar commissioners and of the referee that the defendant has learned his lesson. We hope this opinion is justified. In view of it, we conclude that there should be no order of suspension presently, but in view of the grossness of defendant's neglect of business, and the many instances of it, the matter cannot be dismissed with a mere reprimand. It is our conclusion that the recommendations of the referee as to payment of costs be adopted, and that defendant be required forthwith to pay all of these costs. Upon such payment these proceedings shall be held in abeyance for a period of two years, and at the end of this period, upon a proper showing by defendant that his conduct measures up to the required standards for continuance in the profession, the proceedings shall be dismissed.

*By the Court.*—It is ordered and adjudged that defendant be required to pay the costs and expenses of these proceedings, including the fees of the referee and official reporter; that upon the termination of the period of two years, if defendant shall satisfy the court, both by his conduct from this time forward and by assurances then given, that he will not again be guilty of the conduct charged in the complaint, these proceedings shall be dismissed.