STATE, Plaintiff, vs. RYSTICKEN, Defendant.

*January 17—February 25, 1947.*

130

*Harlan B. Rogers,* special counsel for the Board of State Bar Commissioners, for the plaintiff.

For the defendant there was a brief by *Evan C. Schwemer* of Milwaukee, and oral argument by *Mr. Schwemer* and the defendant.

PER CURIAM. No charge of dishonesty or misappropriation of funds is made against the defendant. The undisputed facts show that the defendant is guilty of malpractice and gross negligence. The referee to whom the matter was referred by the court found that the conduct of the defendant amounted to no more than excusable neglect, and that the defendant should not be disciplined because of the refusal of one of his clients to co-operate with him in obtaining the opening of the judgment and order to set aside the judgment, and recommended

that the complaint be dismissed. Not until the defendant was ordered to appear before the board of bar commissioners did he take any steps to carry out the promise which he had made to his clients. Restitution was made by way of paying the judgment on May 6, 1946. The action against Selvent and Strelke was commenced in February, 1943.

We would gladly acquiesce in the disposition made of this matter by the referee if under the facts we could consider that we had fully discharged our duty in the premises. However, we feel that to permit the defendant to continue to hold himself out as a lawyer would be to hold that his conduct set out in detail was not a proper matter of discipline, and would be an assurance to the public that the defendant, in spite of what he had done or failed to do, was worthy to be trusted with the business of possible clients.

That the conduct of the defendant, while it does not involve moral turpitude, amounts to gross professional misconduct is apparent. While any one of his derelictions, if it stood alone, might possibly be overlooked, the record made by the defendant in this case shows an utter disregard of his duty to his clients, in the following respects: (1) He was retained by his clients and paid a retainer fee; (2) he agreed to prepare and file an answer and asked that the matter be continued for two weeks to enable him to fulfil his promise; (3) although he prepared an answer which was verified, he did not serve it nor did he serve a notice of retainer; (4) he paid so little attention to the matter that judgment was entered of which he had no knowledge until an execution had been issued against his clients; (5) he asked for a postponement of a week in order to examine the records which he did and was informed how he should proceed to open or vacate the judgment, assuring his clients there was nothing to worry about; (6) he continued negotiations for a reduction of the judgment although he was informed that no reduction would be made; (7) to allay the fears of his clients, he made a written agreement to save them

harmless but neglected for a period of two years to do anything in the way of disposing of the judgment; (8) he finally procured an order to show cause which he failed to serve; (9) his clients then retained another attorney and it was discovered that the time in which the judgment could be opened had expired; (10) when the matter was placed before the grievance committee of the Milwaukee Junior Bar Association, he appeared. Some member of the committee procured an offer of compromise and requested the defendant to settle the judgment. This he did not do; (11) when summoned before the Board of State Bar Commissioners, with whom the grievance committee had filed a complaint, he was given four months in which to adjust the matter. At the expiration of that period, having heard nothing from him, the present proceeding was instituted.

The conduct of defendant is inexcusable. By his delay in and management of the case the state has been put to considerable expense wholly unnecessary. His clients have been put to considerable loss, and he has done nothing toward enforcing the claim which they thought they had against the plaintiff in the action instituted by Steininger. That the defendant's conduct merits some discipline is evident but it is a difficult matter to determine the extent of the discipline. It seems doubtful whether suspension will impress upon the defendant the extent of his derelictions of duty to his clients and bring about a reformation in his methods of doing business. With some misgiving, the court has concluded to give him the benefit of the doubt.

It is ordered, that the defendant be suspended from the practice of law in the state of Wisconsin for a period of two years from January 1, 1947, and until he pays the costs and disbursements of this proceeding and gives the court assurances that if the suspension is vacated he will discharge in the future the obligations which he assumed when he took the oath upon his admission to the bar. If the defendant fails to

comply with the above conditions and file evidence thereof with the clerk of the court on or before July 1, 1949, his license to practice shall stand revoked and his name shall stand as stricken from the rolls.