* Application to set aside judgment of disbarment denied on September 9, 1947.
On September 13, 1932, an original proceeding was begun upon the complaint of the State Bar Commissioners, charging the defendant with dereliction of duty in connection with his services rendered to clients. The matter was referred to E.C. Fiedler, Esq., as referee. Upon the filing of the referee's report, which in general sustained the charges made in the complaint filed by the State Bar Commissioners (215 Wis. 571, 573, 255 N.W. 906), it was ordered that —
"the defendant be required to pay the costs and expenses of these proceedings, including the fees of the referee and official reporter; that upon the termination of the period of two years, *Page 224 
if defendant shall satisfy the court, both by his conduct from this time forward and by assurances then given, that he will not again be guilty of the conduct charged in the complaint, these proceedings shall be dismissed."
The defendant failed to comply with the mandate of the court and resumed the practice of law without having paid the expense of the former proceeding.
On February 17, 1947, a second complaint was filed by the direction of the State Bar Commissioners, from which it appears that after an investigation by counsel for the board, Harlan B. Rogers, Esq., a hearing was held before W. T. Doar, Esq., a member of the board, which resulted in the filing of a complaint in this court, asking that an order be issued requiring the defendant to show cause why an order should not be rendered against him pursuant to the prayer of the original complaint filed in 1932. In the 1947 complaint it is charged that the defendant failed to account for matters forwarded to him for collection by the American Lawyers Company of Cleveland, Ohio; that he has failed to account for funds in the matter of the K. S. Rundhaug estate being administered in Barron county, and has failed and neglected to perform his duties as attorney in several other matters, which it is not necessary to state in this opinion.
On the 17th day of February, 1947; an order was issued requiring the defendant to show cause before the court on the 25th day of February, 1947, at 10 o'clock in the forenoon of that day, why judgment should not be entered in the above-entitled proceeding, revoking and annulling defendant's license to practice law in this and other courts of the state of Wisconsin.
The order together with copy of the complaint were duly and personally served upon the defendant on February 20, 1947. The defendant failed to appear on the 25th day of February, 1947, as ordered and has made no response of any kind or character to the order of this court. The contemptuous *Page 225 
conduct of the defendant is in no way explained or excused. Full opportunity to be heard having been accorded the defendant and no appearance having been made, it now becomes necessary for the court to proceed in the matter.
The failure of the defendant to comply with the mandate of the court in the first proceeding and his failure to appear and answer the complaint filed by the State Bar Commissioners requires the court to take the matters alleged in the complaint filed on February 17, 1947, as confessed. It is held that the prayer of the petition filed on February 17, 1947, should now be granted.
Therefore, it is ordered, that the license granted to Clarence E. Soderberg to practice law in the courts of this state be and the same is hereby revoked and annulled. The clerk of this court is ordered to strike his name from the roll of attorneys and directed to give due notice thereof. *Page 226