STATE, Plaintiff, v. KENNEDY, Defendant.

*September 3—October 1, 1963.*

514

For the plaintiff there was oral argument by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was oral argument by *Thomas M. Anich* of Ashland.

PER CURIAM. Defendant's answer to plaintiff's complaint admits that the facts alleged in the complaint are true but denies that his conduct in relation to such facts constituted unprofessional conduct. However, his brief filed upon hearing the cause by the supreme court "recognizes" that such conduct "is regrettable and unforgivable" and offers character evidence by affidavits to mitigate the offenses charged by the complaint. He throws himself upon the mercy of the court for such action as the court deems just and equitable.

The question, then, is whether the admitted facts convict defendant of unprofessional conduct as an attorney and, if so, what discipline shall the court impose. Such material facts are:

The defendant, Basil G. Kennedy, is engaged in the practice of law at Mellen, Ashland county, Wisconsin. Mellen is located in District 9 of the State Bar of Wisconsin and is subject to the jurisdiction of the State Bar grievance committee for that area.

Late in 1961 the grievance committee for District 9 received a complaint against Mr. Kennedy, which on its face appeared to be serious. In accordance with the State Bar Rules, a notice of complaint was mailed him on January 26, 1962. Mr. Kennedy did not answer that communication.

On October 5, 1962, the defendant was again directed to furnish an answer to this complaint and again failed to answer the same.

District 9 grievance committee met at Superior, Wisconsin, on November 26, 1962, to consider the complaint against Mr. Kennedy. He was notified of the time, place, and purpose of the hearing and directed to attend. He failed to appear at the hearing and furnished no excuse for such failure.

In 1956 and 1958, by the Integration of the Bar, rules and bylaws were adopted by the supreme court as Rules of Court for the government of the bar, particularly intrusting to the bar itself, in the first instance, to police the conduct of its members for the protection and benefit of both the bar and of the public. Rule 10 is designed to afford relief to a third party who has a just complaint against an attorney for the attorney's misconduct, and also to protect an unoffending attorney against unjustified complaints. To that end Rule 10 states:

"RULE 10

"STATE BAR DISTRICT GRIEVANCE COMMITTEES

"*Section 3. Committee procedure.* The work of the committee shall be carried on under the supervisory control of the board of governors. The committee shall meet on call of the chairman; a majority of the members shall constitute a quorum; and each committee member shall perform such part of the investigation in any case as may be delegated to him by the chairman. The committee may also utilize in any

investigation the services of investigators and counsel provided by the board of governors.

"Whenever it appears, upon preliminary consideration of a complaint, that the facts do not support a charge of misconduct and do not warrant disciplinary action, the committee may dismiss the complaint without proceeding further, but in that event shall notify the complainant accordingly. If it appears upon such preliminary consideration that the complaint may have merit and is worthy of a further investigation, the committee shall cause the complaint to be reduced to writing, and also to be signed by the complainant if practicable. A copy shall forthwith be sent by certified mail to, or personally served upon, the person complained of, herein called the 'respondent.' *It shall be the respondent's duty* to submit to the committee within fifteen days after the date of mailing such complaint his written answer thereto, containing a full statement of the material facts in relation to the acts of misconduct alleged in the complaint; and *it shall be the respondent's duty also,* if *required by the* committee to do so, *to appear* in person before the committee and answer oral or written interrogatories concerning the acts of misconduct alleged in the complaint; and *any deliberate failure* on the part of the respondent to submit to the committee his written answer to a complaint, or to appear before the committee and answer interrogatories *when requested by the committee to do so,* and any wilful misrepresentation or concealment of material facts in relation to the matter complained of, *shall be grounds for disciplinary action.* Before the investigation is concluded in any case, the respondent shall be afforded an opportunity to appear before the committee and to present evidence on his behalf. [Emphasis supplied.]

"If after investigation in any case the committee finds that the facts pertaining to the matter complained of do not merit disciplinary action, it shall file a written report to that effect and shall notify the complainant, the respondent and the secretary of the State Bar that the complaint has been dismissed. If after investigation in any case the committee by a two-thirds vote of its entire membership concludes that although the facts pertaining to the matter complained of do not merit disciplinary action, the respondent merits admonition, it

shall file a written report to that effect and shall notify the complainant and the secretary of the State Bar that the respondent merits admonition by the State Bar for the circumstances outlined in the report, and thereupon the president, in the name of the State Bar, upon the request of said committee, shall notify the respondent and deliver such written admonition and there shall be no further proceedings. If after investigation in any case the committee concludes that the facts warrant a complaint by the State Bar Commissioners under applicable provisions of the Wisconsin Statutes, the committee shall make a report of its proceedings, including a summary of the material facts and the recommendations of the committee, and such report shall be filed with the State Bar Commissioners and a copy shall be filed with the secretary of the State Bar."

In the present case there had been filed a complaint against Mr. Kennedy which appeared to have merit. The grievance committee of the district forwarded the complaint to him and called upon him to answer. He ignored the demand, and repeated demands upon him by the committee were disregarded. Mr. Kennedy acknowledges that this was wrong. His excuse is that, conscious of his own rectitude, he could not face the humiliation of being subjected to interrogation by the committee upon a false complaint. He now acknowledges that this is not a valid excuse.

Such refusal to answer or appear, if that conduct can be tolerated, would be just as available to an attorney who is guilty of serious misconduct and who fears that the investigation would reveal his misconduct. When a false or frivolous complaint is made against an attorney he should welcome the opportunity to set the matter straight before a responsible committee composed of lawyers of the area in which the alleged offense was committed (State Bar Rule 10 (2)), and by Rule 10 (3) it is the *duty* of the attorney against whom complaint is made to answer the complaint and to set forth to the committee the material facts in relation thereto and,

also, to appear in person before the committee when required by the committee to do so. Rule 10 (3) further states that deliberate failure to comply by such attorney shall be grounds for disciplinary action.

The stipulated facts compel a finding that Mr. Kennedy violated the duties imposed upon him by Rule 10 in that he failed to answer the complaint against him and to appear before the committee when required by the committee that he do so.

The defendant's excuse for failure to comply with the rule, that is, that compliance would cause him unbearable embarrassment and humiliation, is without merit, as Mr. Kennedy now concedes.

Therefore, we determine that Mr. Kennedy's failure to conform to the rules of the State Bar in the investigation of the complaint filed against him was wilful and deliberate, a breach of the duty owed by a member of the State Bar to the courts and to his fellow attorneys, and constitutes unprofessional conduct, as charged by the Bar Commissioners' complaint herein.

The court also finds and determines that conduct such as that of Mr. Kennedy impedes the investigation of complaints as provided for by the rules of the State Bar. We regard this as a very serious matter and discipline must be imposed upon the offender.

We take into account that Mr. Kennedy has a good reputation as an attorney and as a useful, public-spirited citizen and that his financial resources are severely limited.

Wherefore, it is ordered and adjudged, that defendant be and hereby is reprimanded for his unprofessional conduct as hereinbefore described and that he pay the costs and expenses of this proceeding but not to exceed $200.

It is further ordered and adjudged, that defendant present himself before the grievance committee of District 9 of the

State Bar of Wisconsin, at the committee's convenience and request, and respond to the committee's interrogation in respect to investigation of the original complaint filed with the committee against Mr. Kennedy, pursuant to the grievance procedure prescribed by the rules of the State Bar.