STATE, Plaintiff, v. WEBER, Defendant.

*No. State 43. Argued September 12, 1972.—Decided October 3, 1972.*
(Also reported in 200 N. W. 2d 577.)

For the plaintiff there was a brief and oral argument by *Robert H. Bichler* of Racine, counsel for the Board of State Bar Commissioners.

For the defendant there was a brief and oral argument by *Richard E. Lent* of Madison.

PER CURIAM. David B. Weber is forty-nine years of age, a resident of Madison, Wisconsin, and has practiced law in this state since his graduation from the University

of Wisconsin Law School in 1950. He is married and has two children.

The scope of the inquiry and the nature of the misconduct are best described by reviewing each charge and the referee's findings thereon.

### Count I.

"That in July of 1968, and while he was employed as a full time assistant city attorney for the City of Milwaukee, the defendant, David B. Weber, accepted Two Hundred Fifty and no/100 ($250.00) Dollars from Virginia L. Blissett as a retainer to represent her in a divorce action. The defendant commenced a divorce action for Virginia L. Blissett and obtained a temporary order for support. Thereafter, the defendant failed to in any way follow through with the divorce proceedings in spite of frequent calls and correspondence by Mrs. Blissett. Because of the defendant's failure to perform services in accordance with the retainer from Mrs. Blissett, she was required to obtain other counsel to represent her in said divorce action. The defendant did not refund any of the money he had received as a retainer. The defendant undertook the representation of Mrs. Blissett while he was Assistant City Attorney of Milwaukee County [sic],[1] knowing that the representation of Mrs. Blissett would require him to make court appearances during hours when the city attorney's office would be open for business and knowing that his employment as city attorney prohibited him from practicing law during the hours when the city attorney's office was open."

The referee found that the $250 paid by Mrs. Blissett to the defendant was reasonable compensation for the work actually performed by the defendant. The referee also found that although the defendant represented to

---

[1] On the date of the hearing and without objection, the state amended its pleading to conform to the proof, to wit: That the defendant "continued into representation of Mrs. Blissett while employed at the City Attorney's Office," rather than the statement that he undertook the employment "while he was Assistant City Attorney."

Mrs. Blissett that he would arrange for a hearing before the family court commissioner to consider Mr. Blissett's failure to timely meet his payments, when Mrs. Blissett appeared at the time and place specified by the defendant, no one else was present, since no hearing was in fact scheduled. The referee further found that the defendant's failure to return his client's calls, answer her letters and secure appearances at a hearing constituted inexcusable neglect on the defendant's part which justified the client in terminating the retainer. The referee found no evidence that the defendant neglected his work in the city attorney's office of the city of Milwaukee.

## Count II.

"That in 1964, the defendant undertook to represent Eleanor Muehlbach Oas on a malpractice claim. Thereafter, in 1965 he told Mrs. Oas that he had filed suit on the claim, but in fact never filed suit until prevailed upon to do so in August of 1967. After suit was commenced in Federal Court for the western district of Wisconsin and in connection therewith, the defendant accepted service of, but failed to respond to, demands for written interrogatories; the defendant failed to appear at or excuse himself for attendance at a pre-trial conference scheduled in the matter; After the defendant was allowed by the court to withdraw from the case on the condition he cooperate with her new counsel, Mrs. Oas obtained new counsel who made repeated requests for the file but the defendant failed to turn the file over to him; the court by letter of May 31, 1968, directed the defendant to turn the file over to new counsel by noon of June 7, 1968, and defendant failed to comply with such order; the defendant was thereupon ordered to appear in court to show cause why he should not be held in contempt of court; the defendant thereafter appeared in court on the return date for the Order to Show Cause and delivered the file to the court."

The referee found that the defendant failed to attend the pretrial conference although he had received notice

of it. He also found that although six separate requests were made of the defendant, both by Mrs. Oas' new counsel and by the district court itself, for delivery of the files, only an order to show cause why he should not be found in contempt proved successful enough to produce Mr. Weber and the long-sought-after file.

### Count III.

". . . [T]hat the Grievance Committee No. II of the State Bar of Wisconsin received a Complaint against the defendant from one Virginia Blissett and from the Honorable James Doyle, U. S. District Judge for the Western District of Wisconsin and it proceeded on those complaints. On the 31st day of August, 1970, the defendant was directed to appear before the Committee at a meeting scheduled for September 12, 1970, in Madison, Wisconsin.

"The Committee convened on September 12, 1970, as provided in the notice to the defendant, but he failed to appear and failed to cause any appearance to be made on his behalf and failed to furnish any excuses for non-appearance.

"That because of the defendant's failure to appear, the Grievance Committee referred the matter of the complaints to the Board of State Bar Commissioners. That said Board on the 1st day of December, 1970, notified the defendant to appear before the State Board of Bar Commissioners at the meeting scheduled for December 11, 1970; the Board convened on December 11, but defendant failed to personally appear nor did he cause any one to appear on his behalf nor did he give any excuses for his non-appearance."

The referee found that the defendant did not receive notice from the grievance committee since it was returned unopened. He did find, however, that although the defendant had received notice of the meeting before the Board of State Bar Commissioners, he failed to appear. Defendant admitted that when presented with the complaint in this action, he failed to read it, let alone answer it.

The sole issue is whether under all of the facts defendant's actions constitute unprofessional conduct of an attorney.

The evidence adduced in a disciplinary proceeding involving an attorney is reviewed de novo by this court to determine if the attorney should be disciplined. *State v. Eisenberg* (1970), 48 Wis. 2d 364, 371, 180 N. W. 2d 529.

Relying on a de novo review and without detailing the facts at greater length, we believe that the facts demonstrate an inexplicable and inexcusable pattern of failure on the part of the defendant to heed and respond to requests of clients, fellow attorneys and to the notices and orders of courts and disciplinary authorities.

Defendant's pattern of failure to heed and respond to notices has not only interfered with the function of the federal court and the rights of his clients, but has frustrated the attempts of the Board of State Bar Commissioners to explore the validity of the complaints against him. Defendant's failure to heed and respond has caused the time for answering in this action to expire and caused an order for default to be entered against him. We think the evidence adduced shows a pattern of conduct violative of the duties a lawyer owes to the court, his clients and disciplinary authorities.

Wisconsin has well-established case law regarding the disciplining of an attorney for being negligent in representing his client. *State v. Soderberg* (1934), 215 Wis. 571, 255 N. W. 906; *State v. Rysticken* (1947), 250 Wis. 128, 26 N. W. 2d 456.

Although the above-cited cases involved gross neglect, nevertheless, neglect of any degree cannot be tolerated. Other jurisdictions have found neglect as being a proper basis for discipline. *See:* Annot. (1964), *Negligence, inattention, or professional incompetence of attorney in handling client's affairs as ground for disciplinary action,* 96 A. L. R. 2d 823.

Defendant's failure to appear before the Board of State Bar Commissioners when requested to do so must be considered a basis for discipline. The record establishes that the defendant did receive notice to appear. His failure to heed or respond to the notice must be viewed as deliberate.

The defendant frustrated the attempt by the disciplinary authorities to investigate the basic facts underlying the complaints filed against him. The failure to cooperate with the investigation of grievance authorities is in itself a basis for imposing discipline. *State v. Kennedy* (1963), 20 Wis. 2d 513, 123 N. W. 2d 449. We think failure to cooperate with disciplinary authorities must be grounds for discipline.

The record discloses that the defendant's license to practice law has been suspended since April 30, 1971. This period to date is six months in excess of the referee's recommendation. Counsel for the defendant has informed the court that defendant has been and is now employed by the United States Postal Service. These facts are indicative of a showing of rehabilitation.

It is ordered and adjudged that the defendant be and hereby is admonished to use greater diligence in the performance of legal services for his clients and to be prompt in complying with requests or directions of the Board of State Bar Commissioners.

It is further ordered and adjudged that the license of defendant, David B. Weber, to practice law be reinstated from the date of entry of judgment herein.

It is further ordered and adjudged that the defendant pay, within one year from the entry of judgment, the costs and expenses of these proceedings in an amount not to exceed $400.

HEFFERNAN, J., took no part.