IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST GONYO, Attorney at Law.

*State No. 148 (1974). Argued September 7, 1976.—Decided October 5, 1976.*
(Also reported in 245 N. W. 2d 893.)

For the Board of State Bar Commissioners there was a brief and oral argument by *Roy S. Wilcox* of Eau Claire.

For Robert M. Gonyo there was a brief and oral argument by *George W. Curtis* of Oshkosh.

PER CURIAM. Robert M. Gonyo, an attorney in Berlin, Wisconsin, forty years of age, graduated from the University of Wisconsin Law School and was admitted to the Wisconsin Bar in 1963. Since 1972, he has held the elected position of district attorney for Green Lake county. This being a part-time position, he has simultaneously carried on his private law practice. He is also a licensed real estate broker. Following the filing of charges of unprofessional conduct by other attorneys in Green Lake county, the court-appointed referee, Francis H. Wendt, found Robert M. Gonyo to have violated the Code of Professional Responsibility as adopted by this court (*see:* 43 Wis. 2d lxxv, set out at 29 W. S. A., p. 567 *et seq.*) in seven particulars, recommending suspension from the practice of law for a period of one year, and payment of the costs of this proceeding. Upon independent review, we impose a six-month suspension.

The charges of unprofessional conduct, as amended, involved breach of the attorney-client relationship and misuse of public office. One count was that Robert M. Gonyo drafted a last will and testament for a client in which he was named as the residuary legatee. This is conceded and, in and of itself, warrants reprimand. (*See: State v. Collentine* (1968), 39 Wis. 2d 325, 159 N. W. 2d 50.) Another count charged conflict of interest in that defendant purchased certain real estate

from a client and finalized the transaction as attorney, charging $450 real estate commission and $75 attorney fees for drafting the pertinent documents. The referee's finding that defendant was on both sides of this transaction without full disclosure is inescapable. An additional count involved a transaction with an elderly client, in which Mr. Gonyo received a deed to real estate owned by the client and exchanged a lease to an apartment owned by Gonyo, the lease containing various clauses relating to nonassignability and termination, *e.g.*, if lessee moved from the premises by reason of sickness or desire to enter a nursing home. While the client involved did not and has not complained of the exchange, impropriety is admitted in the failure to include in the lease a legal description enabling it to be recorded. Robert M. Gonyo failed to advise his client of her legal rights, including the right to independent counsel. A fourth count charges Gonyo with seeking to have a criminal matter affecting a private client continued until he took office as district attorney, and in which he stated his intention to subsequently dismiss the prosecution. Further, it was charged that Gonyo threatened civil action if the then assistant district attorney proceeded with the prosecution. While we find no unethical conduct in stating that his client would bring civil action, we agree with the referee that the use of his status as district attorney-elect to influence continuance of a criminal prosecution of his client constituted improper professional conduct.

Additionally, following the filing of disciplinary charges against him by other legal practitioners in his home county, Robert M. Gonyo, then as now district attorney, brought certain criminal charges against attorneys making such complaints. Against one of the complainant-attorneys, he issued a criminal complaint charging theft. (Contrary to sec. 943.20 (c), Stats.) This prosecution, subsequently dismissed, involved the attorney

securing an antenna for an automobile radio from the premises of a bankrupt dealer and returning it to its rightful owner, a local judge. Defendant states the test as to prosecutorial discretion to be ". . . the District Attorney's subjective, reasonable, good faith belief that probable cause existed." (Defendant's Brief, pages 10, 11.) Even this test was not here met.

The other count of misconduct is the issuance of criminal charges against another complainant of Mr. Gonyo. The criminal complaint charged violation of statutes dealing with tax evasion and false statements. (Secs. 943.39 (3), 72.86 (6) and 77.27, Stats.) This involved a transfer of real estate, with the complainant-attorney determining that it would be listed for tax purposes as a sale with consideration being past and future services rendered by the purchaser. The state revenue department determined there was no cause for criminal prosecution, and the attorney general agreed (although the latter did admit charges could be brought under sec. 72.86 (6), Stats., if the facts were as stated). (62 Op. Atty. Gen. (1973), 252.) The criminal proceedings instituted by Gonyo under all three above sections were subsequently dismissed. The original investigator for the revenue department having recommended criminal prosecution, we find the question of prosecutorial discretion sufficiently close to give no weight to this particular charge of Gonyo misconduct.

In the final charge of misconduct to be considered, defendant represented a divorce client in his private practice. Following the granting of the divorce there was a continued dispute between the parties and an exchange of correspondence between their attorneys. As district attorney, Robert M. Gonyo issued a criminal complaint for disorderly conduct against the former husband on complaint of the former wife, defendant's client. Gonyo stated in his brief that the warrant was secured as "an

emergency deterrent to violence" (Defendant's Brief, page 3), but in the same brief states that he "recognized and admitted his conflict [of interest]." (Defendant's Brief, pages 3, 4.) As to part-time prosecutors, the line between public responsibilities and permitted private practice is not always easily drawn, but on the facts here presented and admitted it would appear that there was a conflict of interest present when the criminal complaint was issued.

■ While none of the clients involved made or registered any complaint against Robert M. Gonyo and while some of the situations appear to involve poor judgment as much as they do a deliberate violation of professional standards, the testimony in this record clearly requires a finding that Robert M. Gonyo did violate the standards of professional responsibility and ethics in the seven complaints filed against him. We have examined the record *de novo,* as required in an original action, and so find. (*See: State v. Weber* (1972), 55 Wis. 2d 548, 553, 200 N. W. 2d 577.) The court-appointed referee recommends a one-year suspension from the practice of law as the appropriate disposition. Such recommendation is to be given consideration by our court on review. (*See: State v. Preston* (1968), 38 Wis. 2d 582, 588c, 157 N. W. 2d 615, 159 N. W. 2d 684, certiorari denied (1968), 393 U. S. 981, 89 Sup. Ct. 452, 21 L. Ed. 2d 442.) However, we find a six-month suspension of Robert M. Gonyo's license to practice law to be the appropriate disposition.

■ It is ordered and adjudged that Robert M. Gonyo be suspended from the practice of law in this state for a period of six months from the entry of this order and for such period thereafter as shall expire before his license is restored. Restoration and reinstatement as a member of the state bar is conditioned upon the payment of costs of these proceedings to the clerk of this court not to exceed $4,000 and compliance with Rule 10, Section 5 of the Rules of the State Bar of Wisconsin. The de-

fendant may make application for reinstatement after the expiration of three months from the date of entry of this order.

It is further ordered that the State Bar of Wisconsin notify the courts of record of these orders by sending each a copy thereof.

It is further ordered that Robert M. Gonyo notify his respective clients now represented by him in all matters involving the practice of law or all matters pending in any court of this state that his license to practice law in this state is now suspended.

ABRAHAMSON, J., took no part.