STATE, Plaintiff, v. WILDERMUTH, Defendant.

*No. 75-851-D. Argued March 2, 1977.—Decided March 29, 1977.*
(Also reported in 251 N. W. 2d 779.)

For the Board of State Bar Commissioners there was a brief and oral argument by *Roy S. Wilcox* of Eau Claire.

There was a brief and oral argument by *Charles K. Wildermuth* of Green Lake.

PER CURIAM. On June 7, 1976, the Board of State Bar Commissioners filed a complaint with the court seeking disciplinary action against the defendant, Charles K. Wildermuth, a lawyer licensed to practice law in all courts of this state. The complaint alleged that Wilder-

muth had become addicted to intoxicants and, from time to time while under the influence of intoxicants, had attempted to practice law in his office and before the court in Green Lake County in such a manner as to adversely affect the interests of his clients.

Specifically, the complaint alleged that Wildermuth represented the wife in a divorce proceeding and on several occasions the proceeding was continued or postponed because of his inebriated condition. It alleged that the proceeding of January 9, 1976, was unnecessarily protracted to the detriment of Wildermuth's client because he was under the influence of intoxicants. Finally, the complaint alleges that this was unprofessional conduct.

A hearing concerning the allegations was held on August 30, 1976. Attorney Thomas Schrank testified that he represented the plaintiff-husband in the aforementioned divorce. He stated that on at least two occasions Wildermuth appeared at scheduled hearings with the odor of alcohol on his breath. He testified Wildermuth's "demeanor was less alert or less than total presence in the court room from time to time, generally in every hearing."

On the morning of January 9, 1976, a hearing was scheduled concerning the divorce. Schrank stated that during negotiations that morning he could smell alcohol on Wildermuth's breath. He testified that in the afternoon Wildermuth "did not appear to be mentally or physically alert or awake" and "appeared to be in a stupor of sorts." Schrank did not smell alcohol on his breath that afternoon, but characterized Wildermuth's speech as slurred and stated that he appeared to be asleep at times. A recess was taken because of Wildermuth's condition.

Attorney Arthur Weisender was the guardian *ad litem* in the divorce proceeding and it was he who initiated the inquiry by the State Bar. He stated that he knew Attorney Wildermuth for many years and that on the morn-

ing of January 9, 1976 "his behavior was not normal for him, as I have known him in the past." He stated Wildermuth's condition was worse in the afternoon; he appeared disoriented and entered pointless objections. He testified Judge WILLIS admonished Wildermuth on these objections. He also stated Wildermuth appeared intoxicated.

The duration of the recess taken on the afternoon of January 9th was fifty minutes. During the recess Attorney Wildermuth informed the court he was a diabetic and that he was in need of sugar. He then drank a cup of coffee which contained several lumps of sugar. Attorney Schrank noted a profound difference in delivery, appearance and speech after the recess. After the sugar was consumed, Wildermuth was a totally different person. Attorney Weisender remembered Wildermuth eating a sugar cube while drinking the coffee. He stated Wildermuth's "conduct changed rather rapidly;" he became oriented, his speech improved and he became "more normal . . . right away."

Dr. Steve R. Osicka has been Wildermuth's personal physician since 1968. He diagnosed Wildermuth's condition as "diabetes mellitus," under poor control. He testified that without taking a blood sugar or blood alcohol test it would be "extremely difficult" to distinguish between a person suffering from hyperglycemia or hypoglycemia and one under the influence of intoxicants. He stated that one method of correcting a hypoglycemic reaction would be to take orange juice, sugar or honey.

Dr. Osicka also testified that he had treated Wildermuth for alcoholism and had hospitalized him for acute alcoholic dementia. This hospitalization took place in July, 1974.

Attorney Wildermuth represented Betty Sauerbrei in the divorce and she was present in court on January 9, 1976. She testified that before the recess Wildermuth

"was way out of it" and appeared confused, but that "he was more alert" after the recess. She never observed the smell of intoxicants on Wildermuth, including the day of January 9, 1976. She was satisfied with Wildermuth's handling of her case, and stated she would retain him again if the occasion arose.

Prior to the August 30, 1976 disciplinary hearing, no one contacted Mrs. Sauerbrei concerning the adequacy of Wildermuth's representation of her interests in the divorce proceeding.

During the recess on the afternoon of January 9th, Mrs. Sauerbrei phoned Wildermuth's law partner, James A. Rowley. Attorney Rowley came to the courtroom and Wildermuth appeared to him to be "recovering." He stated that he had been with Wildermuth on other occasions when he seemed "fatigued," but after ingesting sugar he recovered rapidly. He and Wildermuth had been partners since July 1, 1975. During that time he had never detected the odor of alcohol on Wildermuth's breath while Wildermuth was in the office or courtroom. It was not their practice to keep any alcoholic beverages at their law offices other than beer.

Bonnie Price and Leanda Carr worked as legal secretaries for Attorneys Rowley and Wildermuth. Both testified that they had never observed Wildermuth under the influence of intoxicants, and that they never saw intoxicants in Wildermuth's office.

Robert Gonyo testified that on September 11, 1975, in a proceeding where he was acting as district attorney, Attorney Wildermuth, acting as defense counsel, appeared to be under the influence of alcohol. He stated Wildermuth's breath smelled heavily of alcohol. He stated that on another occasion, at a pretrial conference, Wildermuth smelled of alcohol. Gonyo also testified that he would have difficulty distinguishing between a person having a diabetic attack and someone who was intoxicated.

Wildermuth attempted to impeach Gonyo by eliciting testimony that Gonyo was facing a disciplinary proceeding and that testimony indicated that Wildermuth filed a complaint against Gonyo with the State Bar.

A number of other attorneys testified on behalf of Wildermuth. The essence of their testimony was that in their dealings with Wildermuth they had not known him to practice law while under the influence of alcohol and had not found him to unnecessarily delay courtroom proceedings. This was also the essence of an affidavit submitted by Circuit Judge JEROLD E. MURPHY.

Charles Wildermuth has been previously disciplined by this court. *State v. Wildermuth*, 34 Wis.2d 235, 148 N.W.2d 656 (1967). The charges were unrelated to the charges in this case.

A disciplinary action is civil in nature and the state has the burden of showing a violation of the Code of Professional Responsibility by clear and satisfactory evidence. *Matter of Proceedings Against Sedor*, 73 Wis.2d 629, 636, 245 N.W.2d 895 (1976). This court examines the record *de novo*. *Matter of Disciplinary Proceedings Against Gonyo*, 73 Wis.2d 624, 628, 245 N.W.2d 893 (1976). Because the evidence presented, in our opinion, failed to show by clear and satisfactory evidence that Charles Wildermuth was intoxicated or that his conduct adversely affected the interests of his clients, we dismiss the complaint.

Complaint dismissed.

ABRAHAMSON, J., took no part.