IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Basil G. KENNEDY, attorney at law.

Supreme Court

*No. 80–1182–D. Filed September 2, 1981.*
(Also reported in 309 N.W.2d 843.)

PER CURIAM. *Attorney disciplinary proceeding; license suspended.*

On July 2, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that Basil G. Kennedy, an attorney licensed to practice law in Wisconsin since 1948, and who resides and maintains his practice in Mellen, was guilty of gross neglect of a legal matter entrusted to him in violation of SCR 20.32(3) as a result of his conduct in a personal injury

action brought against his client in 1969. In that action counsel for the plaintiff forwarded to Kennedy a stipulation and order for dismissal of the action, which Kennedy neither signed nor returned to plaintiff's counsel. The presiding judge in the action wrote to Kennedy on October 5, 1979, asking to be advised of the status of the matter in order that he might clear his calendar if the case was to be dismissed. Kennedy did not respond to that letter, and the judge wrote him a second letter on November 7, 1979, informing him of his duty both to the court and to his client to proceed without undue delay and that the judge would expect a response within 10 days. Kennedy again failed to respond, and the judge scheduled a hearing to determine whether the case should be dismissed. Kennedy did not contact the judge and did not appear at the hearing, following which an order for dismissal was entered. The judge subsequently filed a complaint against Kennedy with the Board concerning Kennedy's conduct in the matter. The Board's complaint also alleged that Kennedy was guilty of unprofessional conduct as a result of his failure to respond to communications from the Board concerning the judge's complaint.

The court referred the matter to the Hon. James Martineau as referee pursuant to SCR 21.09 (1980). Although the respondent did not file an answer to the complaint, he stipulated that the facts alleged in the complaint were true and that the only issue was one of law, that is, whether such conduct warranted discipline. A hearing was held before the referee on March 23, 1981.

In his report filed with the court on May 14, 1981, the referee found that the respondent had admitted all of the material allegations of both counts of the complaint and that three months preceding the respondent's conduct at issue the respondent had received three private reprimands from the Board as the result of the neglect of three legal matters entrusted to him. The referee concluded that the respondent's failure to promptly and

judiciously dispose of the matter pending in circuit court, together with his failure to communicate with opposing counsel or the judge, constituted misconduct in the form of neglect of a legal matter entrusted to him, in violation of SCR 20.32(3). The referee also concluded that his failure to respond to written inquiries of the Board constituted misconduct. The referee recommended that the respondent be publicly reprimanded for his misconduct and that he pay $400 toward the costs of the proceedings within 30 days. The Board appealed from the referee's report and recommendation and filed a brief; the respondent did not file a brief.

In its brief, the Board argues that the discipline recommended by the referee is insufficient under the facts of the case. It notes that in 1963 the respondent was the subject of this court's imposition of discipline in the form of a public reprimand for his failure to respond to complaints against him and his failure to appear before a district grievance committee during an investigation conducted by the State Bar of Wisconsin. *State v. Kennedy,* 20 Wis. 2d 513, 123 N.W.2d 449 (1963). The Board argues that this matter constitutes a repeated violation of the rules requiring an attorney to cooperate with inquiries of the Board, not only because of the 1963 case, but also because of the three private reprimands which issued from the Board in May of 1979. It is also argued that failure to impose discipline more severe than a public reprimand in this case will have a detrimental effect on the legal profession in the state by leading other attorneys to conclude that they may ignore requests for cooperation from the Board with the assurance that, if disciplined, they will receive merely a public reprimand.

Because the respondent has a history of failing to respond to the Board and because he failed to cooperate in the disposition of an action pending in circuit court by failing to respond to correspondence from both opposing counsel and the presiding judge, we believe that a sanction more severe than the public reprimand recommended

by the referee is warranted. Also, the respondent should be liable for the total costs and fees incurred in the disciplinary proceeding.

It is ordered that the license of Basil G. Kennedy to practice law in Wisconsin is suspended for a period of 60 days, commencing November 1, 1981.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $614.17 to the Board of Attorneys Professional Responsibility on or before January 1, 1982, provided that if payment is not made within the time specified, the license of Basil G. Kennedy to practice law in Wisconsin shall be revoked forthwith.

Abrahamson, J., took no part.