IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Basil G. KENNEDY, Attorney at Law.

Supreme Court

*No. 83–2081–D. Filed June 20, 1984.*
(Also reported in 349 N.W.2d 483.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding recommended that the license of Basil G. Kennedy to practice

law in Wisconsin be suspended for one year for unprofessional conduct consisting of neglect of two legal matters, in violation of SCR 20.32(3), and failure to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board), in violation of SCR 21.03(4) and 22.07(2). The referee also recommended that Kennedy be required to pay the costs of the disciplinary proceeding. We adopt the referee's findings of fact and conclusions of law, based as they were on Kennedy's admissions of misconduct, and we accept the recommendation for discipline.

Kennedy was admitted to practice law in Wisconsin in 1948 and maintains his practice in Mellen. In early 1978, a couple retained him to represent them in their purchase of the assets of an oil company, instructing him to form a corporation and paying him $300 in advance to do so. The couple, assuming that Kennedy had registered their fuel company, filed federal and state corporate income tax returns under the corporate name each subsequent year. Kennedy, however, never completed the incorporation of their enterprise, nor did he tell his clients that the corporation had not been formed. Further, Kennedy never returned to his clients any portion of the $300 fee he had been paid.

In early 1981, a couple retained Kennedy to represent them as joint petitioners in a divorce proceeding. Upon the granting of the divorce, the court instructed Kennedy to prepare and file findings of fact, conclusions of law and judgment. Despite numerous written and telephone requests from the clients, Kennedy did not prepare those documents and present them to the court until April 26, 1983, some six months after his clients filed a grievance with the Board.

Kennedy failed to respond to letters from the Board inquiring into each of these matters and failed to submit any written communications or other response until his

appearance pursuant to subpoena in the disciplinary investigation. In addition, he failed to respond to numerous telephone inquiries of the Board and the district professional responsibility committee investigating the matters, failed to furnish documents requested by the Board, and failed to appear at district committee meetings as requested.

At the scheduling conference held in this proceeding, Kennedy appeared in person and admitted the truth of the allegations of misconduct set forth in the Board's complaint, except that he claimed he returned $200 of the $300 advance payment in the incorporation matter, stating that the matter had been settled to the satisfaction of his clients. At that conference, when the Board raised the issue of a grievance it had received since the filing of its complaint in this matter concerning Kennedy's probate of an estate and reported the result of a subsequent investigation disclosing that he was delinquent in the probate of approximately 17 estates, Kennedy requested and received a three-month period to close those estates and to complete his current office files. He stated to the referee that, if given three months' time, he would voluntarily submit his license to the court for revocation.

When Kennedy did not request the voluntary revocation of his license as promised, a hearing was held in this disciplinary proceeding on April 6, 1984, but Kennedy did not appear, nor was he represented by counsel. Following that hearing, the referee, Hon. Rodney Lee Young, Reserve Judge, made findings of fact consistent with the allegations of the Board's complaint and concluded that Kennedy violated SCR 20.32(3) by neglecting the incorporation matter and the divorce matter, and violated SCR 21.03(4) and 22.07(2) by failing to respond to Board and district committee inquiries, by failing to furnish documents requested by the Board, and by failing to appear before the district committee.

Kennedy has been previously disciplined for unprofessional conduct. In 1963 he was publicly reprimanded for his failure to cooperate with the disciplinary authorities in their investigation into his alleged professional misconduct. *State v. Kennedy,* 20 Wis. 2d 513, 123 N.W.2d 449 (1963). In 1981 we suspended Kennedy's license to practice law for 60 days for his neglect of a legal matter, consisting of his failure to sign and return a stipulation for dismissal in a personal injury action, his failure to respond to two trial court inquiries concerning the status of the matter, his failure to appear at a scheduled hearing concerning its dismissal, and his failure to respond to Board inquiries made in the course of its investigation of the matter. *Disciplinary Proceedings Against Kennedy,* 104 Wis. 2d 1, 309 N.W.2d 843 (1981). In light of the pattern of neglect Kennedy has established over the years, as well as his consistent failure to cooperate in the disciplinary investigations of the Board and the local committee into his alleged misconduct, a one-year suspension of his license is appropriate discipline for his misconduct.

IT IS ORDERED that the license of Basil G. Kennedy to practice law in Wisconsin is suspended for one year, commencing July 15, 1984.

IT IS FURTHER ORDERED that within one year of the date of this order Basil G. Kennedy pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,036.53, provided that if the costs are not paid within the time specified, the license of Basil G. Kennedy to practice law in Wisconsin shall be suspended until further order of the court.