IN the MATTER OF DISCIPLINARY PROCEEDINGS
AGAINST Noreen G. BENGSTON,
Attorney at Law.

Supreme Court

*No. 84–1838–D. Filed July 9, 1985.*
(Also reported in 370 N.W.2d 269.)

PER CURIAM. *Attorney disciplinary proceeding; no additional discipline imposed.*

The referee recommended that the license of Attorney Noreen G. Bengston to practice law in Wisconsin be suspended for four months for having neglected a client's legal matter, in violation of SCR 20.32(3). The referee recommended that the suspension be consecutive to the six-month suspension of her license imposed by the court in a prior disciplinary proceeding. *Disciplinary Proceedings Against Bengston,* 116 Wis. 2d 650, 342 N.W. 2d 744 (1984).

We accept the referee's findings and conclusions, which were based on a stipulation of the parties. However, we determine that Attorney Bengston's misconduct, which occurred during the same period of time as her misconduct in the prior disciplinary proceeding, would not have warranted more severe discipline than the six-month suspension imposed for her misconduct considered in the prior proceeding had it been included

in that proceeding. Consequently, Attorney Bengston's misconduct considered in this proceeding warrants no discipline additional to the suspension previously ordered by the court.

Attorney Bengston was admitted to practice law in Wisconsin in 1948 and practices in Madison. When a personal friend suffered an apparent reaction to a drug prescribed by her physician in December, 1984, Attorney Bengston agreed to investigate any legal claims arising out of her friend's condition. The client and her husband repeatedly contacted Attorney Bengston to inquire after the status of the matter, and Attorney Bengston assured them that she was working on the matter diligently.

When the clients became concerned that the statute of limitations on any claim might expire, they retained another attorney to pursue the matter. That attorney wrote to Attorney Bengston in November, 1979, telling her he had been retained and asking whether she had commenced an action on his client's behalf. Attorney Bengston responded that she had no objection to his proceeding with the representation and, further, that a formal substitution of attorney would not be necessary because she had not commenced an action. An action was subsequently brought against the physician and the drug manufacturer and ultimately was settled for $160,000.

From December, 1974, through December, 1979, Attorney Bengston did no specific investigation of the clients' matter, nor did she arrange an expert witness to explore a claim against the manufacturer of the drug. Further, Attorney Bengston never informed her clients in writing that she would not file an action on their behalf. The referee concluded, pursuant to the stipulation of the parties, that Attorney Bengston's failure to file an action on behalf of her clients or otherwise take

necessary steps to protect their claim against the running of the statute of limitations constituted neglect of a legal matter, in violation of SCR 20.32(3). The parties stipulated, and the referee recommended, that Attorney Bengston's misconduct in this matter warranted the imposition of a four-month suspension of her license to practice law, commencing September 1, 1984, immediately after the expiration of the six-month suspension the court previously imposed.

The misconduct considered in this proceeding occurred during the same period of time as Attorney Bengston's misconduct considered in the prior disciplinary proceeding. Had the misconduct now before us been before us together with the misconduct considered in the prior disciplinary proceeding, the totality of Attorney Bengston's misconduct would not have warranted more than the six-month suspension previously imposed. Consequently, we determine that no additional discipline is warranted.

IT IS ORDERED that this disciplinary proceeding is dismissed.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Noreen G. Bengston pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Bengston of her inability to pay those costs within that time, the license of Attorney Noreen G. Bengston to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., took no part.