IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Noreen G.
BENGSTON, Attorney at Law.

Supreme Court

*No. 85–1423–D. Filed January 29, 1986.*
(Also reported in 380 N.W.2d 673.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Noreen G. Bengston to practice law in Wisconsin be suspended for a period of twelve months, deemed to have commenced September 1, 1984, for unprofessional conduct. That conduct consisted of Attorney Bengston's failure to pursue a client's personal injury claim, in violation of SCR 20.32(3), misrepresentations to her client that she had settled the matter, in violation of SCR 20.04(4), and misrepresentations to the district professional responsibility committee investigating the matter that she had reached a settlement with the insurer. We agree that Attorney Bengston's unprofessional conduct warrants the suspension of her license to practice law in Wisconsin for a period of twelve months, and we also determine it appropriate that the period of suspension be deemed to have commenced September 1, 1984.

Attorney Bengston was admitted to practice law in Wisconsin in 1948. The court suspended her license for six months, commencing March 1, 1984, for having misrepresented to a client over a period of ten years that she had been pursuing that client's personal injury claim and that she had reached a settlement in the matter. *Disciplinary Proceedings Against Bengston,* 116 Wis. 2d 650, 342 N.W. 2d 744 (1984). Attorney Bengston was again the subject of a disciplinary proceeding in 1985, in which it was determined that she had neglected a legal matter by failing to file an action on behalf of her clients or otherwise protect their claim against the running of the statute of limitations. *Disciplinary Proceedings Against Bengston,* 124 Wis. 2d 770, 370 N.W. 2d 269 (1985). Although

the referee in the second proceeding recommended a four-month suspension of her license, consecutive to the six-month suspension previously imposed, the court considered the second incident of misconduct as if it had been included in the first disciplinary proceeding and concluded that a six-month suspension for the totality of the misconduct was appropriate discipline.

The referee in this proceeding, Attorney Cheryl Rosen Weston, made findings of fact based on a stipulation of the parties. In June, 1968, Attorney Bengston was retained to represent a woman in a personal injury claim against a trucking company. Attorney Bengston drafted a complaint in 1971 and forwarded it to the client for her signature. Although she subsequently sent the client a conformed copy of the complaint, Attorney Bengston never filed that complaint in any court, and the statute of limitations on the client's claim expired in June, 1971. Thereafter, Attorney Bengston represented to her client that she was negotiating with the company's insurance carrier and advised the client that the carrier was the same company with whom she was already negotiating a claim on behalf of the client's mother. In fact, the trucking company was insured by a different insurer.

The client executed a power of attorney authorizing Attorney Bengston to settle the claim, and in August, 1972, Attorney Bengston wrote the client advising her that she had negotiated a settlement totaling $3,663.50, resulting in net proceeds to the client of $1,997.65 and $915.85 for Attorney Bengston's fees. Attorney Bengston sent her client a check drawn on her personal checking account. In a written response to the Board of Attorneys Professional Responsibility (Board) during its investigation of the client's grievance, Attorney Bengston was evasive on the question whether she had, in fact, reached a settlement with the insurer. In a subsequent appearance before the district professional responsibility committee, Attorney Bengston testified that she had reached a settle-

ment with the insurance company, knowing such testimony to be false.

On the basis of the stipulated facts, the referee concluded that Attorney Bengston's failure to negotiate a settlement or file a complaint on her client's behalf within the statute of limitations period constituted neglect of a legal matter, in violation of SCR 20.32(3), and that, by informing her client that she was pursuing the matter and stating that she had received settlement proceeds from the insurer, when in fact the funds paid to the client were Attorney Bengston's personal funds, Attorney Bengston engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4). The referee also concluded that Attorney Bengston violated SCR 22.07(2) by misrepresenting to the district professional responsibility committee that she had reached a settlement with the insurer on behalf of her client.

In making her recommendation for discipline, the referee noted that Attorney Bengston's license had been suspended for six months, commencing March 1, 1984, and that the Board has refused to consider a petition for reinstatement until all grievances filed against her, including the one which is the subject of this proceeding, have been resolved. Relying on the court's decision in the second *Bengston* disciplinary proceeding, *supra,* and the fact that the misconduct considered in this proceeding occurred some 13 years ago, the referee concluded that further discipline should be mitigated. The referee noted, however, that Attorney Bengston knowingly gave false testimony to the district professional responsibility committee subsequent to the date on which the court had imposed discipline on her in 1984. The referee concluded that the misrepresentation is a serious matter warranting further discipline but, because the pendency of this client's grievance has resulted in a continued suspension of Attorney Bengston's license to practice law extending more than 15 months beyond the original suspension pe-

riod, recommended that a twelve-month suspension for her misconduct be imposed and be deemed to have commenced on the date on which the original suspension would have terminated.

We accept the referee's findings of fact and conclusions of law, and we agree that a twelve-month suspension of Attorney Bengston's license to practice law in Wisconsin, deemed to have commenced on September 1, 1984, is appropriate discipline under the circumstances.

IT IS ORDERED that the license of Attorney Noreen G. Bengston to practice law in Wisconsin is suspended for a period of twelve months, deemed to have commenced September 1, 1984.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Noreen G. Bengston pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Bengston of her inability to pay the costs within the time specified, the license of Attorney Noreen G. Bengston to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., took no part.