# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST William A. WENTZEL, Attorney at Law.

Supreme Court

*No. 85–1121–D. Filed December 17, 1987.*

(Also reported in 416 N.W.2d 287.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney William A. Wentzel be suspended for 60 days as discipline for professional misconduct consisting of failing to return a security deposit to a couple who had sought to lease his home, using funds in his client trust account for his personal use and permitting the account to become overdrawn, failing to provide a letter or affidavit to a judge in support of his claim of illness to obtain an adjournment of a trial date in a client's criminal matter and misrepresenting to a client that her personal injury claim had been settled, failing to notify the other driver or that driver's insurance company of the automobile accident promptly after being retained and failing to communicate with the client concerning the progress of the matter.

Concerned that the recommended 60-day suspension was insufficient in response to the seriousness of the misconduct, the court ordered the parties to submit briefs on the issue of the appropriateness of the recommended discipline. In light of the prior cases cited in those briefs and the mitigating factors present here, we determine that Attorney Wentzel's professional misconduct warrants a 90-day suspension of his license to practice law.

Attorney Wentzel was admitted to practice law in Wisconsin in 1973 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee is the Honorable John A. Fiorenza, reserve judge.

Following a hearing, the referee made the following findings of fact. In April, 1983 a couple paid Attorney Wentzel $250 as a security deposit on a lease he was to prepare for their occupancy of a house he owned. The lease was to commence June 1, 1983. During April and May of that year the couple made numerous demands on Attorney Wentzel to deliver the lease, but he failed to do so or to return the security deposit.

The couple complained to the district attorney, who then wrote to Attorney Wentzel twice, asking that he return the security deposit. Attorney Wentzel did not respond to either of the letters, and on September 12, 1983 the district attorney issued a criminal complaint against him, as a result of which Attorney Wentzel returned the deposit. The referee concluded that Attorney Wentzel's conduct in this matter involved dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986).

A second matter of misconduct concerned Attorney Wentzel's client trust account. Between August 19, 1982 and September 30, 1983 Attorney Wentzel used funds in that account for his personal use and permitted the account to become overdrawn at least twice. The referee concluded that Attorney Wentzel thereby violated SCR 11.05 and 20.50(1986).

In another matter Attorney Wentzel was retained in 1984 to represent a man in a criminal matter, which was subsequently set for trial. Attorney Wentzel obtained an adjournment of the trial date on the

3

basis of his illness, and the judge directed him to provide a letter or affidavit explaining the illness. Attorney Wentzel did not file an affidavit or letter with the judge. The referee concluded that this conduct constituted neglect of a client's legal matter, in violation of SCR 20.32(3)(1986), and conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986).

A fourth matter involved Attorney Wentzel's representation of a woman in 1984 on a claim for personal injury and property damage as a result of an automobile accident. Attorney Wentzel ultimately told the client that her claim had been settled, when in fact there had been no settlement. Attorney Wentzel did not actively pursue the client's claim in that he failed to notify the other driver or the other driver's insurance company of the accident for some time after he had been retained. Further, he failed to communicate with his client concerning the progress of the matter. The referee concluded that Attorney Wentzel neglected the legal matter, in violation of SCR 20.32(3)(1986), and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986).

We adopt the referee's findings of fact and conclusions of law, with the exception of the conclusion that Attorney Wentzel engaged in dishonesty, fraud, deceit or misrepresentation by failing to file an affidavit or letter with the judge concerning his illness. There was no evidence in the record that Attorney Wentzel had misrepresented the state of his health in order to obtain an adjournment; rather, the evidence established only that he did not respond to the judge's request for an explanation of the illness.

While Attorney Wentzel's professional misconduct is serious, particularly his use of trust account funds for personal purposes, that seriousness is mitigated by several factors. Attorney Wentzel cooperated with the Board in its investigation of these matters, and this is his first involvement in a disciplinary proceeding. Also, Attorney Wentzel's having written numerous checks on his trust account for business and personal expenses unrelated to the funds in that account did not amount to conversion of client funds to his own use or result in actual harm to his clients. His being "out of trust" was the result, in one case, of his having deposited a client's check into his trust account, withdrawing from it that portion to which he was entitled as his fee, and the check's subsequently being dishonored for insufficient funds; in a second case, he had written a check for payment of a car lease with the understanding that the payee would hold the check until Attorney Wentzel told him there were sufficient funds for its payment, but the payee cashed the check without waiting for notification. Notwithstanding these circumstances, Attorney Wentzel's use of his trust account for payment of personal expenses was improper and, although not resulting in actual harm to his clients, put his clients' funds at risk.

We determine that the seriousness of Attorney Wentzel's misconduct, mitigated by the factors indicated, warrants the suspension of his license to practice law for a period of 90 days.

IT IS ORDERED that the license of William A. Wentzel to practice law in Wisconsin is suspended for a period of 90 days, commencing February 1, 1988.

IT IS FURTHER ORDERED that within 90 days of the date of this order William A. Wentzel pay to the

Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of William A. Wentzel to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William A. Wentzel comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.