IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William A. WENTZEL, Attorney at Law.

Supreme Court

*No. 91–3070–D. Submitted on briefs April 28, 1993.—Decided
May 11, 1993.*

(Also reported in 499 N.W.2d 166.)

For William A. Wentzel there were briefs by *William A. Wentzel,* Oconomowoc.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney William A. Wentzel appealed from the referee's findings of fact and conclusions of law that he engaged in professional misconduct by failing to act with reasonable diligence and promptness in pursuing two clients' legal matters, misrepresenting to one client that he had commenced an action, failing to deposit a client's advance of costs into his trust account, failing to comply with clients' reasonable requests for information concerning the status of their legal matters, failing to turn over two clients' files upon demand and refund unearned fees and failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of client grievances. Attorney Wentzel also appealed from the referee's recommendation that the court discipline Attorney Wentzel for that misconduct by a six-month suspension of his license to practice law.

We adopt the referee's findings of fact, having determined that Attorney Wentzel failed to establish that they are clearly erroneous, and we adopt the referee's conclusions of law based on those facts. We determine that the recommended six-month license suspension is the appropriate response to the nature and extent of that misconduct in light of Attorney Wentzel's prior misconduct, for which we previously suspended his license.

In the matters considered here, Attorney Wentzel evaded his professional responsibilities to the clients whose interests he had undertaken to pursue and, in one case, took steps to prevent the client from learning of his failure to take timely and appropriate action on the client's behalf. In addition, Attorney Wentzel repeatedly ignored attempts by his clients to learn of

the work he had done on their behalf and, when they sought to terminate his representation, refused to take the steps minimally necessary for them to pursue their claims with other counsel. Finally, he ignored his professional duty to cooperate with the Board charged by the court with ensuring that the public receive competent and ethical representation from those licensed by the court to practice law in this state.

Attorney Wentzel was admitted to practice law in Wisconsin in 1973 and practices in Oconomowoc. In 1987 the court suspended his license for 90 days as discipline for failing to return a security deposit to a couple who had sought to lease his home, using funds in his client trust account for his personal purposes and permitting the account to become overdrawn, failing to provide a letter or affidavit to a judge in support of his claim of illness to obtain an adjournment of a trial date, misrepresenting to a client that her personal injury claim had been settled, failing to notify the other driver or that driver's insurer of an automobile accident promptly after being retained by a person injured in the accident and failing to communicate with the client concerning the progress of that matter. *Disciplinary Proceedings Against Wentzel,* 142 Wis. 2d 1, 416 N.W.2d 287.

Following a disciplinary hearing, the referee, Attorney Rudolph P. Regez, made findings of fact concerning Attorney Wentzel's conduct in four matters. The first of them concerned allegations the Board had set forth as one of two counts of professional misconduct in its initial complaint filed in this proceeding. However, after being granted leave to file an amended complaint, the Board inadvertently failed to incorporate by reference the two counts alleged in the initial complaint. Subsequently, at the disciplinary hearing

42

the Board moved to dismiss the first of those counts but requested permission to proceed on the second, which the referee granted over Attorney Wentzel's objection. When he did so, the referee stated that he would afford Attorney Wentzel additional time to present evidence on that count if he wished to do so but Attorney Wentzel never made that request.

The first matter concerned Attorney Wentzel's representation of a woman who retained him in November, 1985 to pursue a personal bankruptcy, for which she paid him a retainer of $500. Soon thereafter, the client gave Attorney Wentzel a list of her creditors and copies of their bills. During the following two years, the client repeatedly telephoned Attorney Wentzel concerning the status of the bankruptcy proceeding, as she was continuing to receive dunning letters and calls from creditors. Attorney Wentzel told her he would communicate with the creditors and file the bankruptcy petition.

On January 28, 1988, Attorney Wentzel notified the client of his 90-day license suspension and that he could not represent her during that period. He suggested she contact an associate of his or another attorney. The client contacted the associate, who told her to get her bankruptcy papers together and that he would represent her. The client told the associate she had prepared the papers for Attorney Wentzel several times and they should be in his file, adding that she had paid him a retainer to represent her. The client then contacted Attorney Wentzel's office during the period of suspension but was unable to obtain her file. The client ultimately retained other counsel to represent her in the bankruptcy, for which she paid a $500 fee plus costs.

When the client filed a grievance with the Board, the Board sent Attorney Wentzel a letter requesting a reply within 20 days. It did not receive a reply within that time and sent him a certified letter, followed by another letter, requesting response but did not receive a reply until two days after the time specified for his response. As that reply was not responsive to its questions, the Board requested additional information and that Attorney Wentzel produce the client's file. Attorney Wentzel produced the file, albeit beyond the time specified by the Board to do so, but did not respond to several subsequent letters from the Board seeking additional information, including bank records and an itemization of services he rendered to the client in this matter.

The referee concluded that, by failing to commence the client's bankruptcy proceeding for several years, Attorney Wentzel neglected the client's legal matter and failed to act with reasonable diligence and promptness, in violation of SCR 20:3.2[1] and 20:1.3.[2] He further concluded that, by providing delayed and inadequate responses to the Board and failing to produce records relating to this client's matter, Attorney Wentzel failed to cooperate in the Board's investigation, in

[1] SCR 20:3.2 provides:

**Expediting litigation**
A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

violation of SCR 20:1.15(f),[3] 21.03(4)[4] and 22.07(2) and (3).[5]

[3] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

[4] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

The second matter considered in this proceeding concerns Attorney Wentzel's representation of a couple who retained him in August, 1990 to represent them in a personal injury and property damage action following an automobile accident. The clients and Attorney Wentzel orally agreed on a contingent fee and the clients gave him copies of the accident reports, photographs and medical bills.

During October, 1990, the couple telephoned Attorney Wentzel approximately 15 times inquiring into the status of their matter, each time leaving a message asking Attorney Wentzel to return the call. Attorney Wentzel contacted the clients in November, 1990, telling them an action had been started. The following month he again told them he had instituted an action; on January 15, 1991 he told them the action was started in Waukesha county. However, when the clients telephoned the clerk of that court, they learned that no action had been filed. The following month, Attorney Wentzel again told them the action had been filed.

When the clients met with Attorney Wentzel on February 21, 1991 to discuss the matter, they told him they had learned the action was not filed. Attorney Wentzel then asked them for $100 to pay the filing fee, which they gave him, and told them he would file the action the following day. More than one month later the clients learned from the court that the action still had not been filed.

Attorney Wentzel told his clients he had not filed the action because he wanted to speak one more time with the insurance adjuster and, if no settlement was forthcoming, he would obtain a court date. Soon thereafter, when he learned that the claim of the clients' child, who had been injured in the accident and was

represented by other counsel, had been settled, Attorney Wentzel told his clients he wanted to discuss that settlement with the child's attorney and would contact the clients thereafter. When the clients did not hear from him, they called Attorney Wentzel and obtained an appointment to review the matter. At that meeting, the clients asked Attorney Wentzel to return their file and give them a lien waiver so they could contact another attorney to represent them. They also demanded a refund of the $100 they had given him to pay the filing fee. Several days later, Attorney Wentzel gave the clients their file and a lien waiver but did not return the $100, claiming he was entitled to it as payment for the work he had performed for them and for releasing his lien.

The clients then filed a grievance with the Board and the Board wrote to Attorney Wentzel requiring a response within 20 days. More than 45 days later Attorney Wentzel submitted an inadequate response; he did not respond at all to several subsequent letters from the Board seeking information in the matter. Ultimately, Attorney Wentzel appeared at an investigative hearing before the Board but did not produce his own file on the clients' matter or bank records, including trust account records, as the Board had requested.

The referee concluded that, by failing to commence the action on his clients' claim as he had agreed to do, Attorney Wentzel failed to act with reasonable diligence and promptness in representing these clients, in violation of SCR 20:1.3. He further concluded that by falsely representing to the clients that he had commenced the action, Attorney Wentzel engaged in conduct involving deceit and misrepresentation, in vio-

lation of SCR 20:8.4(c),[6] that his failure to deposit the clients' $100 filing fee in a trust account violated SCR 20:1.15(a),[7] and that his refusal to refund the clients' $100 violated SCR 20:1.15(b).[8] Finally, the referee concluded that his delay in responding to the Board's request for information and failure to produce his client file and the bank records constituted a failure to cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(2) and (3).

In a third matter, a woman retained Attorney Wentzel in June, 1990 to represent her on a claim for a work-related injury. They agreed on a contingent fee and the client gave Attorney Wentzel signed medical consent forms. The following month, Attorney Wentzel told her she had a good chance of recovering damages

---

[6] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[7] SCR 20:1.15 provides:

**Safekeeping property**

. . .
(f) . . . All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . .

[8] SCR 20:1.15 provides:

**Safekeeping property**

. . .
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

for her injury but the client received no further communication from him for the next four months, despite her efforts to contact him by telephone approximately every other week. On December 10, 1990, the client wrote to Attorney Wentzel that, because of his lack of communication, she had retained other counsel to represent her and asked him to send her file to that attorney. She received neither a response nor the file from Attorney Wentzel. The client's new counsel twice wrote to Attorney Wentzel requesting the client's file and received no response.

When the client filed a grievance with the Board, the Board wrote to Attorney Wentzel requiring a response within 20 days. The Board did not receive a reply to that letter or to a certified letter and another letter it subsequently sent him. Attorney Wentzel did appear at an investigative meeting before the Board but did not produce the client's file, as the Board had requested. He told the Board there was no file and that he had only copies of medical records and notes he took during his investigation of the client's claim and a request from successor counsel for the file. However, when the Board asked him to produce the medical records and the letter from the client's new counsel, Attorney Wentzel did not produce them.

The referee concluded that Attorney Wentzel's failure to surrender the client's file to successor counsel upon termination of his representation and his failure to respond to requests demanding that return violated SCR 20:1.16(d).[9] The referee also concluded that Attor-

---

[9] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's inter-

ney Wentzel's failure to respond to the Board's request for information and his failure to produce the client records sought by the Board during its investigation of the grievance constituted a failure to cooperate with the Board, in violation of SCR 21.03(4) and 22.07(2) and (3).

The fourth matter considered in this proceeding concerned Attorney Wentzel's representation undertaken in December, 1990 in a child visitation matter, for which he obtained a $300 retainer. The following month, Attorney Wentzel met with the client and had her sign papers he told her were necessary to commence a court proceeding in that matter. Thereafter, from mid-March through April, 1991 the client attempted to contact Attorney Wentzel to learn the status of the matter, making approximately 30 calls and leaving messages for a return call. Attorney Wentzel did not return any of those calls. On April 25, 1991 he telephoned the client and told her he had filed a petition for visitation with the court.

The client unsuccessfully attempted to contact Attorney Wentzel during the following three weeks and when she at last received a return call, he told her he was not certain whether papers had been filed with the court and that he would verify the status of the matter and telephone her later that day but he did not do so. Soon thereafter, the client wrote to him that she was terminating his services and asked for a refund of the $300 retainer she had given him. Attorney Wentzel did not refund the retainer.

ests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

The client filed a grievance with the Board and the Board wrote Attorney Wentzel requesting a response to it. When he did not respond within the time provided, the Board sent him a certified letter, to which he responded more than one month late. Because that response was inadequate, the Board requested further information but Attorney Wentzel did not respond to two letters from the Board. Ultimately, he appeared at an investigative meeting before the Board but did not produce the client's file, as the Board had requested.

The referee concluded that Attorney Wentzel's failure to respond to the client's telephone calls and inform her as to the status of her legal matter constituted a failure to comply with a client's reasonable requests for information concerning her representation, in violation of SCR 20:1.4(a), and that his failure to surrender the client's file and return unearned fees to her upon termination of his representation violated SCR 20:1.16(d). The referee also concluded that Attorney Wentzel's failure to respond to the Board's requests for information and produce the client's file and records constituted a failure to cooperate with the Board, in violation of SCR 21.03(4) and 22.07(2).

As discipline for the professional misconduct in these matters, the referee recommended that the court suspend Attorney Wentzel's license to practice law for six months. The referee also recommended that the court require him to make restitution to the clients in these matters whose unearned fees or advance of costs he refused to return and pay the costs of this proceeding.

In this appeal, Attorney Wentzel first argued that the doctrine of laches barred the Board's proceeding on the misconduct allegation set forth in its original complaint on two grounds: first, the misconduct began in

1985 and the Board did not commence its investigation until August, 1988; second, when the Board filed its amended complaint, it did not reallege the count of its original complaint relating to his misconduct in that matter, thus prejudicing his ability to defend against those allegations. In particular, Attorney Wentzel asserted that, because of the passage of time between the misconduct and the disciplinary hearing, the attorney his client consulted following Attorney Wentzel's license suspension had no recollection of the events and was unable to testify to them.

Attorney Wentzel's argument that laches barred a portion of the proceeding before the referee has no merit. As the Board noted in its brief, Attorney Wentzel had been adequately apprised of the misconduct allegations initially asserted and responded to them in his answer to the original complaint. Moreover, other than his conclusory statement that he was prejudiced in defending against those allegations of misconduct, Attorney Wentzel made no specific showing of that claimed prejudice. Indeed, the referee offered to adjourn the proceedings to afford him the opportunity to prepare a defense to those allegations and call witnesses, but Attorney Wentzel chose not to do so.

Attorney Wentzel next argued that the referee's findings of fact are clearly erroneous and should be rejected. That argument is based on what Attorney Wentzel considers "key evidence" provided by the Board's own witnesses testifying at the disciplinary hearing. Contrary to that assertion, the testimony at the hearing supports the referee's findings of fact.

Finally, Attorney Wentzel contended that he should not be required to refund retainers or the advance of costs he received from clients in three of the matters considered in this proceeding, insisting that he

was entitled to the money they had paid him, as he performed services on the client's behalf in each of those matters. That contention, too, is meritless. The record demonstrates that Attorney Wentzel did not perform the services for which he was retained and for which he was paid.

We adopt the referee's findings of fact and conclusions of law and determine that the six-month license suspension recommended by the referee is appropriate discipline to impose for Attorney Wentzel's misconduct in these matters. Further, it is appropriate that Attorney Wentzel be required to make restitution as recommended by the referee as a condition of the reinstatement of his license following the period of suspension.

IT IS ORDERED that the license of William A. Wentzel to practice law in Wisconsin is suspended for a period of six months, commencing June 21, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order William A. Wentzel pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William A. Wentzel to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law, William A. Wentzel shall make restitution to the persons and in the amounts as recommended by the referee in this proceeding.

IT IS FURTHER ORDERED that William A. Wentzel comply with the provisions of SCR 22.26 concerning

the duties of a person whose license to practice law in Wisconsin has been suspended.