IN the MATTER OF REINSTATEMENT OF the LICENSE OF William A. WENTZEL, to Practice Law.

Supreme Court

*No. 91–3070–D. Filed October 12, 1994.*

(Also reported in 522 N.W.2d 216.)

PER CURIAM. *Attorney reinstatement proceeding; reinstatement denied.*

We review the report of the Board of Attorneys Professional Responsibility (Board) recommending that the petition of William A. Wentzel for reinstatement of his license to practice law be denied. The court suspended Mr. Wentzel's license for six months, commencing June 21, 1993, as discipline for professional misconduct. *Disciplinary Proceedings Against Wentzel,* 176 Wis. 2d 40, 499 N.W.2d 166 (1993). That misconduct consisted of his failure to act with reasonable diligence and promptness in pursuing two legal matters for clients, misrepresenting to one client that he had commenced an action, failure to deposit a client's advance of costs into his trust account, failure to comply with clients' reasonable requests for information concerning the status of their legal matters, failure to turn over two clients' files upon demand and refund unearned fees and failure to cooperate with the Board in its investigation of client grievances.

We determine that the petition for license reinstatement must be denied. While his license to practice law was suspended by order of this court, Mr. Wentzel continued to engage in activities that constituted the practice of law, failed to comply with the court's rules in respect to informing clients and others that his license to practice law was suspended and has otherwise demonstrated that he lacks a proper understanding of the standards of conduct the court imposes on those it licenses to practice law and that he is unable or unwilling to act in conformity with those standards.

The Board's investigation of Mr. Wentzel's reinstatement petition disclosed the following facts that led to the Board's adverse recommendation on the petition. While his license was suspended, Mr. Wentzel con-

ducted legal research for a former client in an attempt to revive an insurance claim that apparently had been barred by the statute of limitations. At the public hearing on his reinstatement petition, when asked whether during the suspension he had in any way engaged in the practice of law, represented clients or gave legal advice, Mr. Wentzel did not disclose to the committee that he had communicated with his former client on the insurance claim.

In addition, Mr. Wentzel failed to refund unearned fees to two clients promptly, despite the order of this court to do so, and made a partial refund to one of those clients only after the Board became involved. Moreover, at the time of the public hearing on his reinstatement petition, he had not yet turned over some files to clients who had requested them. Also, Mr. Wentzel did not respond completely to the reinstatement questionnaire the Board sent him and it required five letters from the Board to obtain a complete response. Finally, after having been convicted of driving under the influence of intoxicants some two months prior to his license suspension, Mr. Wentzel admitted to driving after revocation while that suspension was pending.

On the basis of those facts, the Board concluded that Mr. Wentzel failed to meet his burden under SCR 22.28(4)(e) and (6)[1] to show that he has the requisite moral character to be licensed to practice law and that

---

[1] SCR 22.28 provides:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

. . .

the resumption of his practice will not be detrimental to the integrity and standing of the bar or the administration of justice.

IT IS ORDERED that the petition of William A. Wentzel for the reinstatement of his license to practice law in Wisconsin is denied.

(6) The petitioner has the burden of demonstrating by clear and convincing evidence that the petitioner has the moral character to practice law in this state and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. The petitioner shall also demonstrate by clear and convincing evidence full compliance with the terms of the order of suspension or revocation and the requirements of SCR 22.26.